IN THE CIRCUIT COURT FOR THE TWENTY-EIGHTH JUDICIAL DISTRICT OF TENNESSEE,
GIBSON COUNTY, AT HUMBOLDT

STEVE WILLIAMS, SHARON WILLIAMS
ANTHONY WILLIAMS, and THERESA
WILLIAMS, individually and d/b/a
WILLIAMS BROTHERS FARMS ,

     PLAINTIFF,

VS.

CROP PRODUCTION SERVICES, INC.

**DEFENDANT'S COPY**

**FILED**
TIME 2:30 AM/PM

OCT 1 3 2015

AMANDA BROWN, CLERK
BY: _Kay Wooim_ , D.C.

CASE NO. H 3997
JURY DEMAND

SERVE:    Crop Production Services, INC
c/o C T Corporation System
Registered Agent
Ste 2021
800 S Gay Street
Knoxville, TN 37929-9710

<u>TO THE ABOVE NAMED DEFENDANT:</u>

    You are hereby summoned and required to serve upon the Clerk of this Court and Newman & Webb, attorneys for the Plaintiff, whose address is 115 W Court Square, Trenton, TN 38382 an answer to the complaint herewith served upon you, within 30 days after service, exclusive of the day of service.  If you fail to do so, a judgment by default can be taken against you for the relief demanded in the complaint.

    Issued this __13th__ day of __October__ , 2015.

A TRUE COPY ATTEST

AMANDA BROWN, CLERK AND MASTER

BY: _Kay Wooims_ D.C.

CLERK

By: _Kay Wooim, D.C._ ,

<u>RETURN ON SERVICE OF SUMMONS</u>

    I certify that I served this summons on the ___ day of _NOV 0 9 2015_ , 2015, together with a copy of the complaint herein as follows:

PAMELA MITCHELL    _Corp Production Services Inc_ .

_WCBryant Jr._    _WCB #B1964_

(Print server's name legibly)    (Signature) SHERIFF/DEPUTY SHERIFF/CONSTABLE
(or other Process Server)
(NOTICE (T.C.A. 26-2-114(c))

TO THE DEFENDANT(S):

    Tennessee law provides a FOUR THOUSAND DOLLAR ($4000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of those items be seized you would have the right to recover them.  If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

EXHIBIT A

IN THE CIRCUIT COURT FOR THE TWENTY-EIGHTH JUDICIAL DISTRICT
FOR GIBSON COUNTY, TENNESSEE, AT HUMBOLDT

STEVE WILLIAMS, SHARON WILLIAMS
ANTHONY WILLIAMS, and THERESA
WILLIAMS, individually and d/b/a
WILLIAMS BROTHERS FARMS ,

**DEFENDANT'S COPY**

**FILED**
TIME __2:30__ AM/PM

OCT 1 3 2015

AMANDA BROWN, CLERK
BY: _____, D.C.

PLAINTIFFS,

VS.

CASE NO. H 3997
JURY DEMANDED

CROP PRODUCTION SERVICES, INC.,

DEFENDANT.

## COMPLAINT

COMES NOW YOUR PLAINTIFFS, STEVE WILLIAMS, SHARON WILLIAMS

ANTHONY WILLIAMS, and THERESA WILLIAMS, individually and d/b/a

WILLIAMS BROTHERS FARMS and for a Complaint against the Defendant,

Crop Production Services, Inc., would state as follows:

1.     That the Plaintiffs, Steve Williams and Sharon Williams are

husband and wife and they are citizens and residents of Medina, Gibson

County, Tennessee.

2.     That the Plaintiffs, Anthony and Theresa Williams are husband

and wife and they are citizens and residents of Medina, Gibson County,

Tennessee.

3.     That the Plaintiff, Williams Brothers Farms is a Tennessee

General Partnership located in Medina Gibson County, Tennessee.  The

A TRUE COPY ATTEST

AMANDA BROWN, CLERK AND MASTER

BY: _____ D.C.

partnership consist of the Plaintiffs Steve Williams, Sharon Williams, Anthony Williams and Theresa Williams.

4.     The Defendant Crop Production Services, Inc. is believed to be a Delaware Corporation which does business in the State of Tennessee.

<u>COUNT I-FACTS</u>

5.     The Plaintiffs have been engaged in the business of cotton farming for decades.  The Plaintiffs, prior to crop year 2014, had done business with CPS, purchasing large amounts of seed and chemicals from the Defendant.

6.     One plant that is particularly a problem in cotton farming is a weed called "pig weed."  Each crop year, the Plaintiffs would use different strategies and different chemicals to control the growth of pig weed on their cotton ground.  As the 2014 crop year approached, the Plaintiff Steve Williams specifically inquired to the CPS representative as to what recommendation he had to control the growth of pig weed.  The CPS representative strongly urged the Plaintiffs to spray all their cotton ground with the herbicide "Warrant," which is manufactured by Monsanto.

7.     The Plaintiffs trusted the CPS representative's superior knowledge and experience on the use of the appropriate herbicide. The Plaintiffs followed his recommendation as to the use of Warrant.   The Plaintiffs planted 4,693.6 acres of cotton in 2014 and sprayed 2,946.6 acres

with the herbicide Warrant.  The herbicide was properly mixed with water and was properly sprayed on the cotton ground of the Plaintiffs.

8.     Shortly after the 2,964.6 acres were sprayed with Warrant, the cotton plants became discolored and the growth of the cotton plants slowed dramatically.  The cotton on 167.6 acres was so poor that the Plaintiffs were forced to plow up the cotton and plant soybeans.  The remaining 2,782 acres that had been sprayed with Warrant were allowed to grow to maturity and were harvested by the Plaintiffs.  Because of the damage done to the cotton plants by the herbicide sold by CPS, the yield on these acres was very poor.

9.     When the Plaintiffs discovered the damage that was occurring to their cotton crop as a result of the herbicide Warrant, they asked the CPS representative to come and examine the crop.  After extensive review of many acres of the effected crop land, the CPS representative confirmed that the herbicide Warrant had damaged the Plaintiffs' cotton crop.

10.    When the Plaintiffs realized that the herbicide Warrant might be damaging their cotton crop, they discontinued the use of that product.  The remaining 1,744 acres of cotton that the Plaintiffs planted in 2014 was spot sprayed with a different herbicide to control pig weed.  This 1,744 acres averaged a yield of approximately 1,300 pounds of cotton per acre, while the land sprayed with Warrant averaged only about 700 pounds per acre.

## COUNT II-THEORIES OF RECOVERY

A)   Express Warranties-Agents, servants and employees of CPS made express warranties, guarantees and promises to the Plaintiffs that Warrant was the correct and proper herbicide to use on the Plaintiffs' cotton ground to control weeds and that Warrant was safe to use on and around cotton plants.  The Plaintiffs relied upon the warranties, which proved to be false and their cotton crop was damaged by the use of Warrant.  As such, CPS is liable to the Plaintiffs under Tennessee Code Annotated Section 47-2-313.

B)   Implied Warranty of Merchantability-Agents, servants and employees of CPS, by the sale of Warrant to the Plaintiffs, made certain implied warranties that the product was merchantable as defined by Tennessee Code Annotated Section 47-2-314, specifically that the product was fit for the ordinary purpose for which the goods were used, ie, as a safe and effective herbicide for use on and around cotton plants.  The product breached the implied warranty of merchantability causing damage to the Plaintiffs' cotton crop.

C)   Implied Warranty of Fitness for a Particular Purpose-Agents, servants and employees of CPS, by the sale of the product Warrant to the Plaintiffs for use as a safe and effective herbicide on and around cotton, made certain implied warranties that the product was fit for a particular purpose as defined by Tennessee Code Annotated Section 47-2-315.  The

product breached the implied warranty of fitness for a particular purpose causing damage to the Plaintiffs' cotton crop.

D)    Negligence-That CPS, as a seller of the product Warrant, owed a duty to the Plaintiff to use reasonable care in the recommendation and sale of said product.  That CPS breached this standard of care in that the product was not suitable for the safe use as a herbicide on or around cotton.

E)    Strict Liability-That CPS was a seller of the product Warrant to the Plaintiff.  As such, CPS is strictly liable to the Plaintiffs for any and all damages caused by the product to the Plaintiffs cotton crop.

### COUNT III-PROXIMATE CAUSE

That the losses to the Plaintiffs' cotton crop, as well as other incidental and consequential damages, were proximately caused by the actions of CPS, its agents, servants and employees.

### COUNT IV DAMAGES

That as a result of the actions of CPS, its agents, servants and employees, in the sale of the product Warrant, the Plaintiffs cotton crop was severely damaged, causing a significant decrease in the expected yield, resulting in tremendous financial losses to the Plaintiffs.  In addition, the said losses caused the Plaintiffs to cease the partnership operation of cotton farming.  The Plaintiffs were forced to sell farming equipment at auction which caused further losses to the Plaintiffs.  The Plaintiffs seek

compensatory as well as incidental and consequential damages in an amount to be determined.

## PRAYER FOR RELIEF

1.      That process issue and be served upon the Defendant Crop Production Services, Inc.

2.      For a jury to try this cause.

3.      For compensatory as well as incidental and consequential damages in an amount to be determined.

4.      For discretionary costs and court cost.

Newman & Webb

BY:_____
Brandon L. Newman, BPR#026501
James B. Webb, BPR # 06834
Attorneys for Defendants
115 W Court Square
Trenton, TN 38382
731-855-2972


## COST BOND

I acknowledge myself surety for the costs of the above cause not to exceed $1,000.00.

NEWMAN & WEBB

BY:_____
Brandon L. Newman, BPR#026501
James B. Webb, BPR # 06834
Attorneys for Defendants
115 W Court Square
Trenton, TN 38382
731-855-2972